IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO JUÁN NAZARIO SÁNCHEZ,

Plaintiff,

v.

CIVIL NO.: 14-1072 (JAG)

HOSPICIO LA PAZ, ET AL.,

Defendants.

**OPINION AND ORDER**

**I.  PROCEDURAL BACKGROUND**

On January 27, 2014, Julio Juán Nazario Sánchez ("Nazario" or "plaintiff") filed suit against Hospicio La Paz ("Hospicio") and Corporación de Servicios Geriátricos de Yauco ("Corporación") doing business as Hogar D'Amor for alleged negligence in the care of his father, Julio Enrique Nazario Ramírez ("Nazario Ramírez").[1] ECF No. 1. At a status conference held on May 8, 2015, deadlines were recommended for the progress of the case. ECF No. 44. The deadline for plaintiff to produce expert reports and make all expert witness disclosures pursuant to Fed. R. Civ. P. 26 was set for July 30, 2015. Id. at 3. All discovery was to conclude on October 31, 2015. Id. at 4. These deadlines were all adopted by the presiding United States District Judge Jay García Gregory on May 26, 2015. The court further ordered that "Plaintiff is limited to using a nurse as an expert witness." ECF No. 51.

---

[1] In the complaint his name is written as "Julio Enrique Ramírez." ECF No. 1, at 2. In later filings, including those at issue here, is name is written "Julio Enrique Nazario Ramírez." ECF Nos. 82, at 1; 84, at 1; 89, at 2.

1

On October 15, 2015, Hospicio was voluntarily dismissed and partial judgment was entered. ECF Nos. 57; 58. A second status conference was held on December 22, 2015. ECF No. 75. There it was informed that plaintiff produced an amended expert report for the nurse, Waleska Figueroa Renta ("Figueroa") on October 14, 2015, beyond the deadline set by the court. ECF No. 75, at 1. The court ordered the amended expert report stricken and limited the expert's testimony at trial to the matters stated in her first expert report. ECF No. 75, at 1. The parties then informed that the first expert report provided was in the English language. The original report, however, was written in the Spanish language. Plaintiff was granted until December 31, 2015 to provide a copy of the original Spanish report to defense counsel. ECF No. 75, at 2.

Currently pending before the court are various pretrial motions. On February 18, 2016, Corporación filed a motion to strike plaintiff's expert for non-compliance with Fed. R. Civ. P. 26(b)(1)(B) . ECF No. 77. On the same day, February 18, 2016, Corporación filed a motion in limine to limit plaintiffs' expert witness testimony to the contents of her deposition. ECF. No. 78. The following day, on February 19, 2016, Corporación filed a motion for a non-resident bond against plaintiff pursuant to Puerto Rico law. ECF No. 79. On February 20, 2016, Corporación filed a second motion in limine to exclude plaintiff's expert witness's testimony under Daubert. ECF No. 80.

Nearly a month later, on March 18, 2016, Corporación moved for an order to compel the production of the original Spanish version of Figueroa's expert report. ECF No. 90. Plaintiff, in turn, filed on March 21, 2016 a motion to strike Corporación's witnesses and documents for failure to timely disclose the same. ECF No. 95.

## II.   DAUBERT MOTION

Corporación's motion in limine to exclude plaintiff's expert witness under Daubert was filed on February 20, 2016. ECF No. 80. In his response in opposition, plaintiff requests Corporación's motion be denied as untimely filed. The deadline to file motions in limine or to strike expert witnesses was February 19, 2016. Corporación filed two related motions in a timely manner. ECF Nos. 77–78. Corporación was neither granted an extension of the deadline nor did it explain the failure to comply with the deadlines set by the court.

Due to the nature of the allegations it is nevertheless necessary to briefly discuss one aspect of the motion. Corporación highlights testimony from Figueroa's deposition on July 16, 2015. During the deposition, Figueroa became aware that the records she had reviewed prior to rendering her first expert report were not the complete medical file of Nazario Ramírez. Defense counsel then inquired whether she was "in a position today, to render a final opinion in the case, without having the benefit of reviewing those records that you now know that exist?" ECF No. 80-1, at 38:5–8. Figueroa responded, "I have to review everything in its totality in order to be objective and to render an opinion in this case." Id., at 38:9–11. Defense counsel followed up with, "So your answer is no, you cannot render a complete or a final opinion, until you review the whole records, the totality of the records?" Id., at 38:12–15. Figueroa then conceded, "That's true." Id., at 38:16. Plaintiff, in his response in opposition, clarifies that Figueroa's opinion was "based on two years of medical records pertaining [to] Mr. Nazario Ramírez'[s] case while under the supervision of Hogar D'Amor (Codefendant) and Hospicio La Paz, up until he was transferred to Hospital Tito Mattei and unfortunately passed away." ECF No.

84, ¶ 5. Defendant does not identify with any specificity under what authority it believes this requires the expert's testimony be entirely stricken. Rather, plaintiff informs in his response that portions of Corporación's motion are copied verbatim from Wikipedia. ECF Nos. 84; 84-1. The Wikipedia entry is attached as Exhibit A to their response. ECF No. 84-1. Corporación's motion contains almost two full pages of text copied verbatim from this entry. The copied text purports to explain the legal standards established under Daubert v. Merrel Dow Pharmaceuticals, 509 U.S. 579 (1993) and Federal Rule of Evidence 702. These are the very legal standards under which Corporación is moving. This constitutes the entirety of Corporación's legal argument. It does not cite any additional caselaw, secondary sources, or reliable legal publication to support its analysis in this motion. This is unacceptable. Wikipedia is not a reliable source for legal caselaw and analysis. As an ancillary problem, it is not acceptable for parties to verbatim appropriate the analysis of a source without any attribution. Without a citation to a reliable source, the court is not placed in a position to properly evaluate the assertions therein.

Courts have previously held that under certain circumstances expert opinions based on incomplete review of the records may be admissible under Daubert. "As long as an expert's scientific testimony rests upon 'good grounds, based on what is known,' it should be tested by the adversary process—competing expert testimony and active cross-examination—rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weight its inadequacies.'" Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.9d 77, 85 (1st Cir. 1998). Taking this standard into account, an expert basing his findings on incomplete records, "go[es] to the weight of the

4

testimony and not to the Daubert exclusion of the same.'" Wetherell v. Hospital Interamericano De Medicina Avanzada, Civil No. 06-2079, 2009 WL 564200, *3 (SEC) (D.P.R. March 5, 2009).[2] Similarly, the First Circuit has upheld the admissibility of expert testimony where although "the factual bases for some of [the] expert opinions as to cause of injury were incomplete, he did not base his opinions on pure conjecture." Coleman v. De Minico, 730 F.2d 42, 45 (1st Cir. 1984). "When the factual underpinning of an expert opinion is weak, it is a matter affecting the weight and credibility of the testimony—a question to be resolved by the jury." Newell P.R., Ltd. v. Rubbermaid Inc., 20 F.3d 15, 21 (1st Cir. 1992).

Defendant has not elaborated on how the expert's failure to review some records invalidates her opinion with respect to those records she has reviewed. Nor has defendant placed the court in a position to conclude that the failure to review the entire medical record so greatly undermines any conclusions the expert drew from the partial records, that the expert should be stricken under Daubert because her opinion is based on pure conjecture. Additionally, "Rule 702 has been interpreted liberally in favor of the admission of expert testimony." Levin v. Dalva Brothers, Inc., 459 F.3d 68, 78 (1st Cir. 2006). Figueroa will therefore be allowed to testify as to the matters contained in her first expert report and the motion in limine (ECF No. 80) is DENIED.

### III.  PRODUCTION OF THE ORIGINAL VERSION OF THE FIRST EXPERT REPORT

On March 18, 2016, Corporación filed a motion requesting "the production of a copy of the original expert witness [report] in Spanish." ECF No. 90, 3. The deadline to oppose this motion was April 4, 2016. Over five months later no response in opposition

---

[2] There the court also highlighted the "importance of expert testimony in medical malpractice cases, more so for the Plaintiff, who bears the burden of showing that the treating [provider] acted negligently." Id.

5

has been filed. Corporación alleges in this motion that plaintiff has not provided the original Spanish version of Figueroa's report, despite being ordered to do so. ECF Nos. 90, at 1; 75, at 2. Corporación acknowledges that plaintiff has informed that the Spanish version could not be located, but highlights that "[t]here are seven (7) places were [sic] the original and/or a copy of the original report in Spanish should be available; the four (4) plaintiff's counsels (Vivas, Fernandez, Alvarez, Medina), Plaintiff, Ms. Figueroa, [and] Ms. Figueroa's brother." ECF No. 90, at 3.

Corporación's renewed motion requesting the original report in Spanish is NOTED. This is not the first time that the court has addressed this issue. See ECF No. 75. If the English translation of Figueroa's first expert report produced to defendants is not a certified translation made by a professional interpreter, and plaintiff has not complied with the court's order to produce the original version of the report in Spanish, Corporación may request at trial that an instruction be given to the jury to the effect that they may draw an inference that had the original report in Spanish been produced, it would have shown evidence unfavorable to plaintiff's case.

IV.  **NON-RESIDENT BOND**

Corporación is requesting a "non-resident bond to be established under the provisions of State Law Rule 69.5 . . . ." ECF No. 79. "[A] federal court sitting in diversity or exercising supplemental jurisdiction over state law claims must apply state substantive law, but a federal court applies federal rules of procedure to its proceedings." Hoyos v. Telecorp Commc'ns, Inc., 488 F.3d 1, 5 (1st Cir. 2007). Thus, Puerto Rico rules of civil procedure do not govern this proceeding. Neither the Federal Rules of Civil Procedure nor the current version of the Local Rules of Civil Procedure provide for the

imposition of a non-resident bond. Therefore, Corporación's motion requesting non-resident bond (ECF No. 79) is DENIED.

### V.      LIMITING THE SCOPE OF FIGUEROA'S TESTIMONY

In the motion in limine filed on February 18, 2016, Corporación requests that Figueroa's testimony be limited to the contents of the deposition referenced above. ECF No. 78. According to Corporación, allowing Figueroa to present testimony outside her deposition "would have a clear effect of setting aside a trial date for which all parties have been prepared for and create new allegations of wrongdoing regarding co-defendant Corporación . . . ." ECF No. 78, at 2. To advance this argument, Corporación highlights again the testimony that Figueroa did not review the entirety of the record.

This is understandably significant testimony for Corporación, but it does not amount to "new allegations of wrongdoing." Figueroa's testimony has already been limited to the contents of her first expert report that was produced on June 4, 2015. ECF No. 75, at 1. The untimely produced supplement was stricken, and thus cannot be used at trial. Id. Defendant has not, however, articulated why Figueroa should not be allowed to testify regarding the contents of this first report. Subject to the Federal Rules of Evidence, Corporación is entitled to use Figueroa's deposition responses for the purpose of impeachment at trial. Furthermore, expert testimony should not be limited to the contents of the deposition, which is limited in scope to what counsel chose to ask, but rather should be confined to the findings and opinion contained in Figueroa's first expert report. Therefore, Corporación's motion in limine to limit Figueroa's testimony to the contents of her deposition is DENIED.

### VI.  CURRICULUM VITAE

Corporación requests that plaintiff's expert be stricken for failure to produce a curriculum vitae ("CV") as required by Federal Rule of Civil Procedure 26. ECF No. 77. A second motion in support of this motion was filed by Corporación on March 22, 2016. ECF No. 96. In the response in opposition, plaintiff states that the CV was produced on June 4, 2015. ECF No. 81, at 1. Further, plaintiff asserts that defense counsel used the CV to question Figueroa at her deposition.

Indeed, defense counsel posed the following to Figueroa at her deposition on July 16, 2015:

> In order to expedite matters I'm going to show you a curriculum vitae that was given to us recently by Mr. Medina. I'm not going to make it part of the record. I just want you to look at it and tell me if it's up to date or if there are any changes, amendments to it.

ECF No. 81-2, at 24:17–22.[3] Figueroa responded that she is "now 'ad honorem' at the clinics in the Medical Sciences Campus with Dr. Lojo and Dr. Ester Torres, who is the gastroenterologist for patients who have ostomies and wounds. And I also visit patients." ECF No. 81-2, at 24:23–25, 25:1–3.  It is not expressly stated in counsel's question that the CV shown to Figueroa was her own. It is reasonable to conclude, however, the CV was Figueroa's for two reasons. First, counsel prefaced the interaction by informing Figueroa that he was going to "pose some questions regarding your work experience . . . ." ECF No. 81-2, at 24:7–8. Second, Figueroa then provided updates to the document she was shown based on her current work situation.

---

[3] This document contains two independent paginations. The first is the original pagination that corresponds to the complete deposition transcript. The second is the pagination inserted by the CM/ECF docketing system. For the purposes of clarity of the record and consistency with the parties' citations, all page references are to the original deposition pagination. The same method of citation will be employed with respect to all citations to deposition transcripts herein.

It is also not immediately apparent from the portion of deposition transcript provided whether counsel for Corporación or counsel for Hospicio was actually asking the questions. Plaintiff asserts it was counsel for Corporación. ECF No. 81, at 1–2. It is evident that, regardless of which counsel posed the question, both counsel were present in the deposition. See ECF No. 81-2, at 26. Therefore, as of July 16, 2015, Corporación either had access to or was aware of the existence of the CV. Yet Corporación waited until February 18, 2016 to raise this issue.

This request is therefore untimely. The conclusion of all discovery was October 31, 2015. Corporación did not file a motion to compel prior to this deadline elapsing. The motion to strike Figueroa based on failure to provide a CV, as well as its follow-up motion (ECF Nos. 77, 96), are DENIED. Nevertheless, as producing again a CV is not an onerous burden to place on plaintiff's counsel, plaintiff shall provide a courtesy second copy to Corporación by October 7, 2016.

### VII. PLAINTIFF'S MOTION TO STRIKE WITNESSES AND DOCUMENTS

"Unless within fourteen (14) days after the service of a motion the opposing party filed a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." Local R. Civ. P. 7(a). Pursuant to this rule, unless it would clearly offend equity, failure to timely oppose a motion can result in the motion being summarily granted as unopposed. Rodríguez-Salgado v. Somoza-Colombani, 937 F.Supp.2d 206, 210–11 (D.P.R. 2013).

Plaintiff's motion filed on March 21, 2016 remains unopposed. ECF No. 95. The deadline to oppose elapsed on April 7, 2016, and no such response in opposition has yet been filed. Plaintiff requests the court to strike untimely announced witnesses and

9

documents for failure to comply with the Federal Rules of Civil Procedure. According to plaintiff, Corporación never disclosed during initial disclosures or through a supplement to the same the names of the following witnesses that they intend to use at trial: Mario Alicea Vargas, Israel Nazario, Julio C. Troche Camargo, José A. Casiano Malavé, Nelly Moret Aquino, and Nancy Nazario. ECF No. 95, at 3. These witnesses were announced by Corporación in the Joint Proposed Pretrial Order filed on March 16, 2016. According to plaintiff, the first time Corporación disclosed that these individuals may be used to support their claims or defenses was on March 15, 2016, when Corporación emailed its portion of the joint order. ECF No. 95, at 3.

Additionally, plaintiff asserts that Corporación first identified the following evidence that it may use to support its claims or defenses on the same date: (1) the records of Nazario Ramírez at Bank of America from 2005-2011, "at hospice at Orlando, Florida," "at hospitals and clinics at Orlando, Florida," "at elderly home at Orlando, Florida," at the Internal Revenue Service of Florida and the United States Internal Revenue Service, at the Social Security Administartion from 2005-2011, at "Social Services/Food Stamp, 2005-2011," at "Medicare, DHHS" from 2005-2011, at "Medicaid, DHHS" from 2005-2011, at Hogar La Familia; (2) the records of plaintiff at The Tree House Educational Center in Orlando, Florida as well as records for the Tree House Educational Center with the Internal Revenue Services of both Florida and the United States; and (3) the sales contract of Nazario Ramírez's house "including any power of attorney or supporting documents." ECF Nos. 95, at 4; 89, at 27–28.

Pursuant to the mandatory initial disclosures provision of the Federal Rules of Civil Procedure, litigants are obligated to provide without request "the name and, if

known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defense" as well as "a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and my use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A). Furthermore, once these dislosures have been made, the party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1).

There are three possible scenarios apparent to the court regarding these documents: (1) Corporación had these documents in its possession, custody, or control from the outset of this case; (2) Corporación obtained these documents during the course of litigation; or (3) Corporación has subpoenas pending for these documents that have yet to be fulfilled. Under the first scenario, Corporación was required to include these documents in their initial disclosures. Under the second scenario, Corporación was required to supplement their initial disclosures in a timely manner. Under the third scenario, Corporación should have requested an enlargement of the discovery period in order to obtain these documents. Even this third scenario, under which Corporación does not currently have the documents in its possession, custody, or control, Corporación cannot be allowed to wait until the eve of trial to provide these documents to plaintiff. Plaintiff is entitled to time to evaluate these materials. Should Corporación have felt these documents would be critical to the presentation of their case in chief, any delay in the receipt of these documents from subpoenaed entities should have been addressed during the discovery period. Thus, taking plaintiff's allegations as true, defendant failed to

supplement its initial disclosures in a timely manner or to comply with the court's discovery deadlines. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendant's failure to respond waived the right to object that its failure to disclose was either justified or harmless. Therefore, plaintiff's motion to strike the above listed witnesses and documentary evidence is GRANTED. Defendant is, however, still entitled to use these documents for the purposes of impeachment, if applicable.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 30th day of September, 2016.

s/Marcos E. López  
U.S. Magistrate Judge
